# United States District Court
## for the
## District of Alaska

### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Kristopher Panichello-Schell     Case Number: 3:02-cr-00115-JWS-1

Sentencing Judicial Officer:     John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:     April 24, 2003

Original Offense:     Theft of a Firearm From a Licensed Dealer, 18 U.S.C. §§ 922(u) and 2

Original Sentence:     78 months imprisonment, three years supervised release

Date Supervision Commenced:     October 9, 2007

Asst. U.S. Attorney: Frank Russo     Defense Attorney: Joseph Loescher

### PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on or about November 27, 2007, at or near Anchorage, Alaska, the defendant used a controlled substance, to wit: marijuana, as evidenced by a urine specimen submitted by the defendant on November 30, 2007, which subsequently tested positive for the presence of marijuana, and as evidenced by the defendant's verbal and written admission that he used marijuana on November 27, 2007. This violation is a Grade C violation. |
| 2 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Kidnaping in violation of AS 11.41.300(a)(1)(E) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation. |
| 3 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, |

|   |   |
|---|---|
|   | at or near Anchorage, Alaska, the defendant committed the offense of Kidnaping in violation of AS 11.41.300(a)(1)(E) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation. |
| 4 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Kidnaping in violation of AS 11.41.300(a)(1)(E) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation. |
| 5 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Kidnaping in violation of AS 11.41.300(a)(1)(E) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation. |
| 6 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Robbery in the First Degree in violation of AS 11.41.500(a)(1) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation. |
| 7 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Robbery in the First Degree in violation of AS 11.41.500(a)(1) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation. |
| 8 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Robbery in the First Degree in violation of AS 11.41.500(a)(1) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation. |
| 9 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Robbery in the First Degree in violation of AS 11.41.500(a)(1) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation. |

Case 3:02-cr-00115-JWS-JDR   Document 142   Filed 05/02/2008   Page 3 of 9

*Petition for Warrant or Summons*
*Name of Offender*    :    *Kristopher Panichello-Schell*
*Case Number*         :    *A02-0115-CR (JWS)*

10     The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Assault in the Second Degree in violation of AS 11.41.210(a)(1) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation.

11     The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Assault in the Second Degree in violation of AS 11.41.210(a)(1) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation.

12     The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Assault in the Third Degree in violation of AS 11.41.210(a)(1)(A) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation.

13     The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Assault in the Third Degree in violation of AS 11.41.210(a)(1)(A) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation.

14     The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Burglary in the First Degree in violation of 11.46.300(a)(1) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade A violation.

15     The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Misconduct Involving Weapons in the Third Degree in violation of AS 11.61.200(a)(1) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade B violation.

16     The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Theft in the Second Degree in violation of AS 11.46.130(a)(1) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade B violation.

17   The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 28, 2007, at or near Anchorage, Alaska, the defendant committed the offense of Theft in the Second Degree in violation of AS 11.46.130(a)(1) and AS 11.61.110(2)(A) and/or (B). This violation is a Grade B violation.

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]   Revoked
[ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

Respectfully submitted,

REDACTED SIGNATURE
Scott E. Kelley
Senior U.S. Probation/Pretrial Services Officer
Date: April 24, 2008

Approved by:

REDACTED SIGNATURE
Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

**REDACTED SIGNATURE**

John W. Sedwick
Chief U.S. District Court Judge

4-28-08

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>Kristopher Panichello-Schell ) | Case Number: 3:02-cr-00115-JWS-1<br><br>DECLARATION IN SUPPORT OF PETITION |

I, Scott E. Kelley, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Kristopher Panichello-Schell, and in that capacity declare as follows:

On April 24, 2003, the defendant was sentenced to serve a 78-month term of imprisonment to be followed by a three-year term of supervised release, following his conviction on one count of Theft of a Firearm From a Licensed Dealer in violation of 18 U.S.C. § 922(u) & 18 U.S.C. § 2. The defendant served the term of imprisonment and was released from custody on October 9, 2007.

On November 30, 2007, the defendant reported to the U.S. Probation Office and submitted a urine specimen which appeared to be positive for marijuana according to a preliminary test. Subsequent laboratory analysis confirmed that the specimen was positive for the presence of marijuana.

On December 3, 2007, the defendant left a voicemail for USPO Kelley stating that he gave a "dirty UA" on Friday, and that he "messed up" and had "smoked some weed."

On December 6, 2007, the defendant reported to the U.S. Probation Office. The defendant advised USPO Kelley that he had not smoked marijuana since he had last done so at approximately 1:00 a.m. on November 27, 2007. The defendant signed and dated an Admission of Drug Use form reflecting that he used marijuana on November 27, 2007.

On December 29, 2007, an 18-count Information was filed in the District Court for the State of Alaska at Anchorage, case 3AN-07-14637, charging Counts I - IV, Kidnaping in violation of AS 11.41.300(a)(1)(E) and AS 11.61.110(2)(A) and/or (B); Counts V - VIII, Robbery in the First Degree in violation of AS 11.41.500(a)(1) and AS 11.61.110(2)(A) and/or (B); Counts IX - X, Assault in the Second Degree in violation of AS 11.41.210(a)(1) and AS 11.61.110(2)(A) and/or (B);

1

Declaration in Support of Petition
Panichello-Schell, Kristopher

Counts XI - XII, Assault in the Third Degree in violation of AS 11.41.210(a)(1)(A) and AS 11.61.110(2)(A) and/or (B); Count XIII, Burglary in the First Degree in violation of 11.46.300(a)(1) and AS 11.61.110(2)(A) and/or (B); Count XIV, Misconduct Involving Weapons in the Third Degree in violation of AS 11.61.200(a)(1) and AS 11.61.110(2)(A) and/or (B); and Counts XV - XVIII, Theft in the Second Degree in violation of AS 11.46.130(a)(1) and AS 11.61.110(2)(A) and/or (B). The defendant, Kristopher Panichello-Schell, was named in Counts I through XVI.

The Information cites Anchorage Police Department (APD) report 07-62592, and reflects that on December 28, 2007, at approximately 9:44 p.m. Officer Jeffery Whitworth of the Anchorage Police Department responded to 5304 Arctic #1 in reference to a disturbance with a gun. Reports in this case were also made by Ofc Ross Henikman, Ofc Angelina Fraize, Ofc Kimberly Sledgister, Ofc David Aldridge, Ofc Arthur Anderson, Ofc John Bennett, Ofc Kevin Pridmore, Ofc Dan Henegar, Ofc Matthew Bowen, Detective J. Kleinsmith, Detective Lutes, Detective James Estes, and Detective Jean Dupuis.

Officer Blanton observed a person dressed in dark clothing leaving the house to the south and hop over a fence. The garage door was open about two feet. Officer Blanton kicked in the front door. Inside, Gary Zaremba came down the stairs with a head injury that was bleeding. Olin Henry was a male with a fat and bleeding lip. In the upstairs living room, Nakia Neighbors and Michelle Dee were visibly shaking and upset. They stated they were robbed at gunpoint and that the people who did it left on foot.

The home belongs to Andrew Hanson. Henry said that he, Zaremba, Neighbors, and Dee were friends and they were all watching a moving when Henry heard the automatic door to the garage open. He assumed it was the owner Hanson. He said four men came rushing upstairs all wearing black ski masks. They were all wearing dark clothes and all were armed and wearing black gloves. One suspect appeared to wear black law enforcement-type boots. They seemed to have had training because of the way they moved. The man with the black boots later kicked Henry in the right side, as well as in the face, after Henry was tied up. One suspect wore Carhart-type pants. Henry saw one of the suspects strike Zaremba on the head with what appeared to be a pistol, and Zaremba fell to the floor. Zaremaba later stated he was afraid for his life and thought he would die. Zaremba said the suspects seemed to know what they were doing and they were like a SWAT team. One of them took his wallet. One of the suspects approached Henry, and HENRY punched the suspect in the face. He could see it was a white male that he punched. The facial hair was light brown and the suspects eyebrows were brown. Then the suspect struck Henry in the head with a black and silver pistol. Henry struggled with that suspect when another black suspect came over and struck Henry in the face with something hard. The black suspect had a dark sweater on and a blue shirt on underneath. Henry and the others were tied up, and their hands and ankles were taped. The black suspect took Henry's identification card and said, "This is Olin Henry."

2

Declaration in Support of Petition
Panichello-Schell, Kristopher

The black male said this was business, just business. Then the two males began to ask where Andrew was. The white male asked, "Where is the money?" The black male had a long gun, like a shotgun, pointed at Henry's back. Henry was in fear for his life and thought he was going to be shot and killed. Next, the garage door started to open again and the males then all said, "It's him! It's Andrew, let's get him!" The suspects went downstairs for a few seconds, and then came back up saying it's the cops. Henry stated the suspects went down to the landing, and he thought he heard the suspects drop something. He thought the suspects ran out the front door at that point.

Officer Schaeffer radioed that he saw a white male dressed in dark clothing running south on Arctic toward 58th Ave. Detective Klinesmith also observed this. Officer Schaeffer had the suspect, Dylan Wright, at gunpoint. During a show-up, Henry positively identified Dylan Wright as a suspect that was in house. He looked at the black combat-style boots to help make the identification. Dylan Wright had a visible injury to his face.

Officers Pridmore and Busey had detained another male, and Henry identified him as the black male who kicked him and held the long barreled gun to his back. He also recognized the suspects boots and dark hoodie and blue shirt underneath. The suspect in custody and identified was William Osborne. The suspect had identification and wallet belonging to Gary Zaremba and a credit card belonging to Michelle Dee. There was about $6,000 in his left cargo pocket.

Officer Henikman found US currency along the south side exterior, a rifle magazine filled with live rounds, and a white toaster.

Neighbors stated the intruders grabbed her, drug her to the ground, pulled her hair, got on her back, and duct-taped her hands behind her back. The intruders kept asking them to give up all their money. They said they would hurt them if Neighbors looked at their faces. She was transported to 34th and Arctic where Officer Cameron had Kristopher Schell (the defendant) in custody. Neighbors heard him yelling and stated she thought she recognized his voice as one of the males involved. Henry also heard Kristopher Schell's voice and said it sounded familiar, but he could not say for sure if it was one of the men involved. Neighbors said that Hanson sells marijuana out of the house. Officer Fraize saw at least two sandwich-sized bags of marijuana and a scale on the kitchen counter.

Dee said a white male wearing a black mask pointed a gun at her head and said, "Give me all the money. Make it easy. Where's the weed?" Dee said he forced her to show him where the money was. He taped her wrists together and she had an asthma attack. One of the males asked her where Hanson, her boyfriend, was. One of them said the cops were there, and she observed them look in a big black bag in the bedroom and take a Ziploc bag out of it and put the money in it. They also took an AK-47 rifle and two loaded magazines. Dee identified Dylan Wright as the man who put a gun in her face. She identified William Osborne as the black male who told her it was

Declaration in Support of Petition
Panichello-Schell, Kristopher

all business. She identified Kristopher Schell as hearing him talk and recognizing his voice. She was not sure because she did not see him.

Kristopher Schell had $484 in his pockets and a knife. His knees were covered with snow. He told Officer Anderson, "I know I fucked myself but..."

Executed this 24th day of April, 2008, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

__**REDACTED SIGNATURE**__
Scott E. Kelley
Senior U.S. Probation Officer